BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JAN -6 1972

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE AIR CRASH DISASTER AT )
LAS VEGAS, NEVADA ON          )          DOCKET NO. 80
OCTOBER 8, 1968               )

OPINION AND ORDER
————————

BEFORE ALFRED P. MURRAH, CHAIRMAN AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL*, JUDGES OF THE PANEL

————————

PER CURIAM

The fifteen actions involved in this motion arise out of the crash of a passenger aircraft near Las Vegas, Nevada in 1968. Five of the cases are pending in the Southern District of California, five in the Eastern District of Wisconsin, and five in the Northern District of Texas. The plaintiffs are survivors of deceased passengers and crew members, insurers of the aircraft and the craft's owner.

All plaintiffs have joined in a motion for transfer of all actions to the Southern District of California, pursuant to 28 U.S.C. §1407, for coordinated or consolidated pretrial proceedings. All of the defendants have responded to the motion and their position, as reflected in their papers and modified at the hearing, is that the cases should be transferred to the Northern District of Texas rather than the Southern District of California. We agree.

————————
* Although Judge Weigel was not present at the hearing he has, with the consent of all parties, participated in this decision.

- 2 -

The need for transfer under 28 U.S.C. §1407 is clear.
The actions all relate to the same crash and raise common
issues of fact concerning the accident.  Although plaintiffs
have apparently attempted to coordinate their actions infor-
mally, they assert that the discovery necessary to prepare
these cases for trial requires coordination by a single judge
under Section 1407.  We conclude that the convenience of
parties and witnesses and the just and efficient conduct of
the litigation will best be served by transfer.  In re San
Antonio, Venezuela Air Disaster, ___ F. Supp. ___ (J.P.M.L. 1971); In
re San Juan, Puerto Rico Air Disaster, 316 F. Supp. 981 (J.P.M.L. 1971)

The dispute between the parties concerns the selection
of a transferee district for pretrial proceedings.  Plaintiffs
assert that the vast majority of witnesses on the issues of
causation and damages are located either in San Diego, the
flight's point of origin and home of many passengers, or in
Las Vegas, where the crash occurred.  It is also argued that
coordination of the federal court actions with the three actions
now pending in the California state courts will be simplified
by transfer to the Southern District of California.

The United States, in advocating the Northern District
of Texas as transferee district, takes issue with the plaintiffs'
arguments.  It contends that the question of damages to the
plaintiffs does not involve a common factual background and
that the location of witnesses relating to that issue should

- 3 -

not be considered in selecting the situs for coordinated or
consolidated pretrial proceedings.  It is further asserted
that the common questions of fact raised on the liability
issue relate mainly to events occurring in Texas.

We agree with the arguments advanced by the United
States.  The only common questions of fact are obviously
those involved in the issue of liability and defendants have
convinced us that discovery on this issue will be focused in
Texas.  The plaintiffs are alleging that the crash resulted
from a fire caused by a gasoline heater in the nose of the
aircraft.  This heater was installed several years before
the crash by Aerodyne Engineering Corp. at a time when the
plane was owned by Air Wisconsin.  The modification was
designed and installed at the Texas facilities of Aerodyne
and approved by the Texas regional office of the Federal
Aviation Administration.  All of the witnesses and documents
relating to this important episode in the aircraft's history
are located in the Northern District of Texas and much of the
discovery following transfer is likely to center on these
witnesses and documents.

IT IS THEREFORE ORDERED that all actions on the attached
Schedule A pending in districts other than the Northern District
of Texas be, and the same hereby are, transferred to the Northern
District of Texas and, with the consent of that court, are
assigned to the Honorable Robert M. Hill for coordinated or
consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

SCHEDULE A                                    DOCKET NO. 80

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kathleen M. Fleming, et al. v. United States of America | Civil Action No. 71-37-CW |
| United Scottish Ins. Co., Ltd., et al. v. United States of America | Civil Action No. 71-36-CW |
| Simmone C. Weaver, et al. v. United States of America | Civil Action No. 71-38-CW |
| John Wm. Dowdle, Jr. v. United States of America | Civil Action No. 71-39-CW |
| Maxine Cearley, et al. v. United States of America | Civil Action No. 70-138-CW |

### EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Kathleen M. Fleming, et al. v. Air Wisconsin, et al. | Civil Action No. 70-C-559 |
| John M. Dowdle, Jr. v. Air Wisconsin, et al. | Civil Action No. 70-C-558 |
| Simmone C. Weaver, et al. v. Air Wisconsin, et al. | Civil Action No. 70-C-557 |
| United Scottish Ins. Co., Ltd., et al. v. Air Wisconsin, Inc., et al. | Civil Action No. 70-C-556 |
| Maxine Cearley, et al. v. Air Wisconsin Inc., et al. | Civil Action No. 70-C-302 |

### NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Maxine Cearley, et al. v. Air Wisconsin Inc., et al. | Civil Action No. CA-3-4238-A |
| Kathleen M. Fleming, et al. v. Air Wisconsin Inc., et al. | Civil Action No. CA-3-4206-D |
| United Scottish Ins. Co., Ltd., et al. v. Air Wisconsin, Inc., et al. | Civil Action No. CA-3-4208-A |
| Simmone C. Weaver, et al. v. Air Wisconsin Inc., et al. | Civil Action No. CA-3-4207-B |
| John Wm. Dowdle, Jr. v. Air Wisconsin, Inc., et al. | Civil Action No. CA-3-4205-B |